STATE of Minnesota, Respondent,

v.

Craig LeRoy NELSON, Appellant.

No. 50483.

Supreme Court of Minnesota.

Sept. 5, 1980.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan Mitchell, County Atty., J. Victor Lager, Asst. County Atty., Virginia, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of simple robbery, Minn. Stat. § 609.24 (1978), and was sentenced by the trial court to a maximum prison term of 10 years. The sole issue raised by defendant on this appeal from judgment of conviction is whether the trial court prejudicially erred in denying defendant's request for the submission of lesser offenses. We affirm.

The state's evidence established that defendant and an accomplice, both young adults, followed and grabbed a 13-year-old boy after he got off a bus and after they discussed "getting" him because he looked like he had "lots of money." While defendant forcefully pulled on the boy's coat, the boy responded by slipping out of the jacket and running into his parents' nearby restaurant and seeking help. The boy's father followed defendant and his accomplice and confronted them as they were searching the pockets of the jacket. Defendant, in his testimony, claimed that he did not know why he grabbed the boy but that he had not deliberately planned to take the jacket before he "jostled" the boy.

Defense counsel requested submission of misdemeanor theft, Minn. Stat. § 609.52 subd. 3(5) (1978) (theft of property valued at $100 or less) and felony theft from a person, Minn. Stat. § 609.52 subd. 3(3)(a) (1978) (theft of property "from the person of another or from a corpse, or grave or coffin containing a corpse"), claiming that the jury might rationally conclude, on the basis of the evidence, that the defendant's minimal use of force did not cause the victim's acquiescence in the taking of his property.[1]

The trial court rejected this argument and refused to submit either of the requested lesser offenses. The rule is that a trial court has to submit a lesser offense only if it is an included offense and only if there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lessor offense. *State v. Leinweber,* 303 Minn. 414, 228 N.W.2d 120 (1975). Illustrative of this is *State v. Malzac,* 309 Minn. 300, 244 N.W.2d 258 (1976) (upholding refusal to submit lesser offense where defendant's version of what happened, which was the only evidence supporting submission of the lessor offense, was contrary to all the physical evidence and undisputed expert testimony). We agree with the trial court that there was no rational basis for a finding that defendant's use of force did not cause the victim to acquiesce in the taking of the property.

Affirmed.

---

1. Defense counsel did not argue that there was a rational basis for finding that defendant did not have the intent to take anything until after the victim had given up his jacket and fled, apparently because the evidence was so overwhelming that the intent to take property from the victim preceded and accompanied the use of force.