# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2175

_____

United States of America

*Plaintiff - Appellee*

v.

Marvin Orlando Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 4, 2017
Filed: May 9, 2017
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Marvin Orlando Johnson pled guilty to using, carrying, and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), and to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). At sentencing

the district court[1] determined that he had four prior convictions that qualified as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The court then sentenced him to 264 months imprisonment. Johnson appeals, arguing that his prior convictions for simple robbery under Minn. Stat. § 609.24 (2001) and attempted second degree aggravated robbery under Minn. Stat. § 609.245, subd. 2 (2001) do not qualify as violent felonies. We affirm.

We review de novo whether a conviction qualifies as a violent felony under the ACCA. United States v. Headbird, 832 F.3d 844, 846 (8th Cir. 2016). The ACCA imposes a mandatory minimum fifteen year sentence if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include any federal or state offense punishable by more than one year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 924(e)(2)(B)(i). Physical force "means violent force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

Johnson argues that his prior conviction for attempted second degree aggravated robbery is not a violent felony because in Minnesota a defendant can be convicted of attempt without employing violent physical force. Johnson does not argue that second degree aggravated robbery is not a violent felony. We thus assume for purposes of this appeal that second degree aggravated robbery qualifies as a violent felony. See United States v. Azure, 539 F.3d 904, 912 (8th Cir. 2008). Johnson's argument is foreclosed by the text of the ACCA which defines a violent felony to include crimes that have as an element the "attempted use" of force against a person. 18 U.S.C. § 924(e)(2)(B)(i). Moreover, we have previously concluded that

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Minnesota convictions for attempting to commit a violent felony qualify as ACCA predicate offenses. See, e.g., United States v. Fogg, 836 F.3d 951, 954–56 (8th Cir. 2016) (concluding that attempted drive by shooting under Minn. Stat. § 609.66, subd. 1e qualifies as a violent felony). The district court thus did not err by determining that Johnson's prior conviction for attempted second degree aggravated robbery qualified as a violent felony.

Johnson does not contest the district court's determination that his two prior convictions for first degree aggravated robbery qualified as violent felonies. The district court thus did not err in its conclusion that Johnson is an armed career criminal.

We affirm the judgment of the district court.

_____