# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1023
_____

United States of America

*Plaintiff - Appellee*

v.

William Ike Libby, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 19, 2017
Filed: January 26, 2018

_____

Before WOLLMAN and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

GOLDBERG, Judge.

Defendant William Ike Libby, Jr. pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(e). Previously, Libby had been convicted of three separate offenses: first degree aggravated robbery and second degree assault in October 1997, and second degree drug sale in January 2010.

_____

[1]The Honorable Richard W. Goldberg, Senior Judge, United States Court of International Trade, sitting by designation.

The district court[2] considered each of Libby's three previous convictions to be "violent felonies" or "serious drug offenses" and therefore found Libby subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). As a result, the district court sentenced Libby to the fifteen-year mandatory minimum sentence provided in 18 U.S.C § 924(e)(1).

On appeal, Libby does not contest that two of his prior convictions constitute predicate offenses for the purposes of the ACCA. Rather, his appeal is limited to challenging the imposition of a fifteen year sentence based on the characterization of his October 1997 conviction for first degree aggravated robbery, Minn. Stat. § 609.245, subd. 1, as a "violent felony." Because we hold that the lesser included offense of simple robbery in Minnesota is indeed a "violent felony," we affirm the ruling of the district court and uphold its sentence under the ACCA.

## DISCUSSION

### A. Standard of Review

We review *de novo* whether a prior conviction is a predicate offense felony for the purposes of the ACCA, 18 U.S.C. § 924(e). *United States v. Shockley*, 816 F.3d 1058, 1062 (8th Cir. 2016) (citation omitted).

### B. The ACCA Framework

The ACCA dictates that if a defendant has "three previous convictions . . . for a violent felony or a serious drug offense," that individual shall be sentenced to no less than fifteen years in prison. 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that [] has as an element the use, attempted use, or threatened use of physical

_____

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

force against the person of another . . . ."  18 U.S.C. § 924(e)(2)(B)(i).  "Physical force 'means *violent* force—that is, force capable of causing physical pain or injury to another person.'"  *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010)).  Thus, in order to uphold the district court's classification of Libby's conviction as a predicate felony, we must find that Minn. Stat. § 609.245, subd. 1 contains as an element the use, attempted use, or threatened use of force capable of causing pain or injury to another.

When assessing whether a state statute qualifies as a "violent felony" for the purposes of the ACCA, we employ the categorical approach, looking only to the elements of the statute in question.  *See Jones v. United States*, 870 F.3d 750, 752–753 (8th Cir. 2017) (citations omitted).  A defendant's real world conduct is of no relevance to our review and is not to be considered.  *See id.*  (citing *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016) ("How a given defendant actually perpetrated the crime—what we have referred to as the 'underlying brute facts or means' of commission—makes no difference . . . .") (citation omitted)).

Where a statute is indivisible—that is, it "sets out a single . . . set of elements to define a single crime"—we need not look beyond the statute of conviction.  *Mathis*, 136 S. Ct. at 2248.  If the elements of Libby's statute of conviction, Minn. Stat. § 609.245, subd. 1, criminalize conduct that does not require the use of violent force, then it cannot be considered a predicate offense for the purposes of the ACCA.  *See Jones*, 870 F.3d at 753.

However, statutes deemed divisible are treated differently.  When a statute "list[s] elements in the alternative, and thereby define[s] multiple crimes," it is divisible.  *Mathis*, 136 S. Ct. at 2249.  When we are faced with a divisible statute, we are permitted a constrained inspection of "a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of."  *Id.*

(citing *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005)).  This approach, called the modified categorical approach, is limited in its application and is not required here, as discussed below.

### C. Minn. Stat. § 609.245, subd. 1

Libby challenges the district court's conclusion that his conviction for first degree aggravated robbery was a "violent felony" under the ACCA.[3]  Minnesota's first degree aggravated robbery statute criminalizes a defendant's commission of simple robbery while "armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another . . . ."  Minn. Stat. § 609.245, subd. 1. Simple robbery is defined as:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property . . . .

Minn. Stat. § 609.24.  A conviction under Minn. Stat. § 609.245, subd. 1 carries a punishment of not more than twenty years in prison.

In considering a conviction under Minn. Stat. § 609.245, subd. 1 for the purposes of the ACCA, we are required to examine whether the elements of simple

---

[3]Libby's conviction for first degree aggravated robbery occurred in October 1997, under the 1994 version of the statute.  Minn. Stat. § 609.245, subd. 1 (1994). Our analysis here focuses on the law as codified at the time of conviction, *see McNeill v. United States*, 563 U.S. 816, 821–23, 131 S. Ct. 2218, 180 L. Ed. 2d 35 (2011), which happens to be the same as that which exists today.

robbery or the aggravating factors under first degree aggravated robbery necessarily require proof of violent force in order to convict.  *See Johnson*, 559 U.S. at 140.

### 1. *Divisibility*

Our assessment here requires that we first determine if Minn. Stat. § 609.245, subd. 1 lays out elements in the alternative or merely lists separate factual means by which the crime may be accomplished.  *See United States v. Boman*, 873 F.3d 1035, 1040 (8th Cir. 2017).  Neither party disputes that the elements, as defined in both Minn. Stat. § 609.245, subd. 1 and Minn. Stat. § 609.24, present an indivisible offense.  Together, the statutes list separate factual means by which a defendant may accomplish four distinct elements: 1) a taking, 2) with knowledge, 3) by use of force or threat of imminent force, 4) while armed.  Minn. Stat. § 609.24; Minn. Stat. § 609.245, subd. 1.  If our examination of these elements reveals that Minnesota law necessarily requires proof of violent force, we too must hold that a conviction under Minn. Stat. § 609.245, subd. 1 constitutes a "violent felony."

### 2. *Violent Force*

In the absence of a demonstration by Libby that there is "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the definition of a "violent felony," *see Moncrieffe v. Holder*, 569 U.S. 184, 206, 133 S. Ct. 1678, 185 L. Ed. 2d 727 (2013) (citation omitted), we conduct a plain language reading of Minn. Stat. § 609.24 to determine if it "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i).  Because we hold that simple robbery, Minn. Stat. § 609.24, a constituent part of the crime defined under Minn. Stat. § 609.245, subd. 1, implicates violent force, *Johnson*, 559 U.S. at 140, we affirm the district court's ruling.

Minn. Stat. § 609.24 minimally requires that a defendant "threaten[] the imminent use of force" in order to either "compel acquiescence" or "to overcome the person's resistance or powers of resistance . . . ." While a threat on its own may not present the requisite degree of force, *see, e.g.*, *United States v. McFee*, 842 F.3d 572, 575–76 (8th Cir. 2016), a statute that contains as an element a threat of *violent* force will. *See Johnson*, 559 U.S. at 140. Minnesota's express requirement that a defendant communicate a threat to "overcome . . . resistance" or to "compel acquiescence" necessarily implicates such violent force.

Confirming our reading, Minnesota's pattern jury instructions require proof of "the intentional creation in [the victim's] mind of an understanding that if the person resisted or refused to cooperate, force would immediately be used against the person." 10 Minn. Prac., Jury Instr. Guides—Criminal CRIMJIG 14.02 (6th ed. 2017). Important here is not the "mental state of the victim," *Schaffer*, 818 F.3d at 798, but the defendant's "intentional creation" of a threat intended to overpower or dissuade a victim's resistance. Such a threat "communicate[s] intent to inflict harm," *id.* (quoting *Threat*, *Black's Law Dictionary* (10th ed. 2014)), for fear that were the victim to resist, violent force may befall them. As such, simple robbery in Minnesota—and as a result, first degree aggravated robbery—qualifies as a predicate offense under the ACCA.

In an attempt to show that simple robbery can also encompass less than violent force, Libby points to only one case that squarely considers force under Minn. Stat. § 609.24: *State v. Nelson*, 297 N.W.2d 285 (Minn. 1980).[4] Yet, that case does not stand for the proposition Libby asserts. With a short recitation of the facts, the

---

[4]Two other Minnesota Supreme Court cases referenced by Libby, *State v. Slaughter*, 691 N.W.2d 70 (Minn. 2005) and *Duluth St. Ry. Co. v. Fidelity & Deposit Co. of Md.*, 161 N.W. 595 (Minn. 1917), do not inform our analysis. One, *Duluth St. Ry. Co.*, 161 N.W. at 595–96, is entirely inapposite as it interpreted the language of an insurance policy, not that of the law in question here. The other, *Slaughter*, 691 N.W.2d at 76–78, considered a conviction for theft from the person under a different statute than that which defines simple robbery.

*Nelson* court upheld a simple robbery conviction where the defendants, two "young adults," "forcefully" "grabbed" and "jostled" a thirteen-year-old victim before he was able to escape. *Id.* at 286. Counter to Libby's proposed reading, simply because the boy avoided actual violent force by fleeing, that does not mean that violent force was not threatened. Rather, it is clear that the *Nelson* defendants did at least threaten—if not intend to employ—violent force. Thus, we do not take *Nelson* to hold that non-violent force can support a conviction under Minn. Stat. § 609.24.

Libby also argues that we are required to follow our decision in *United States v. Eason*, 829 F.3d 633, 640–42 (8th Cir. 2016), which he claims would compel a holding that Minn. Stat. § 609.245, subd. 1 is categorically not a "violent felony." We disagree.[5] While the state statute analyzed there contemplated the threat of *any* quantum of force, Ark. Code Ann. § 5-12-102, Libby's statute of conviction requires a threat of considerably more force. Specifically, whereas the Arkansas statute at issue in *Eason* criminalized a "[t]hreat of *any* bodily impact, restraint, or confinement," Ark. Code Ann. § 5-12-101 (emphasis added), Minn. Stat. § 609.24 requires proof of a threat of "the imminent use of force . . . to overcome the person's resistance . . . ." Thus, the statutes are distinguishable and we are not bound by *Eason's* holding.

---

[5]Nor are we compelled to follow, as Libby urges, *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016), a non-ACCA case. That case considered whether Missouri's second-degree robbery statute constituted a "crime of violence" under a similarly worded federal sentencing statute, U.S.S.G. § 4B1.2(a). *Id.* at 964–65. While both *Bell* and the case at hand call for a similar application of the categorical approach, *see id.* at 965 n.3 (explaining that both seek to resolve the inquiry as to the use of violent force), for *Bell* to apply here, Libby would have to show a realistic probability that Minnesota prosecutes conduct involving less than violent force under Minn. Stat. § 609.24. *Id.* at 966 ("Although the 'theoretical possibility' that a state may apply its statute to conduct falling short of violent force is not enough to disqualify a conviction, a 'realistic probability' will suffice." (citation omitted)). As discussed above, Libby has failed to do just that.

By its terms, Minn. Stat. § 609.245, subd. 1 minimally requires that a defendant communicate a threat of violent force.  As such, the elements of Minn. Stat. § 609.245, subd. 1 categorically present a "violent felony" under the ACCA.

## CONCLUSION

The district court did not err in holding that Libby's conviction under Minn. Stat. § 609.245, subd. 1 qualifies as a "violent felony" for the purposes of the ACCA and we, therefore, uphold its sentence.