# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1349

_____

United States of America

*Plaintiff - Appellee*

v.

Arthur Lee Powell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 16, 2018
Filed: April 17, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Arthur Lee Powell pleaded guilty to unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court found that Powell was an armed career criminal and sentenced him to the mandatory minimum of 180 months' imprisonment. *See id.* § 924(e)(1). Powell timely appealed his sentence.

The Armed Career Criminal Act ("ACCA") imposes a sentencing enhancement on a felon in possession of a firearm if the defendant has three or more previous convictions for serious drug offenses or violent felonies. *See id.* At sentencing, the Government argued, and the district court agreed, that Powell's prior convictions for first-degree burglary under Minn. Stat. § 609.582, subd. 1(a), simple robbery under Minn. Stat. § 609.24, and first-degree aggravated robbery under Minn. Stat. § 609.245, subd. 1 all qualified as violent felonies under the ACCA. The court determined that Powell's sentencing guidelines range was 188 to 235 months, but it varied down to the 180-month mandatory minimum under the ACCA, noting that it would impose an even shorter sentence if the enhanced sentencing penalties of the ACCA did not apply.

The district court found that Powell's burglary conviction qualified as a predicate offense based on *United States v. McArthur*, 836 F.3d 931 (8th Cir. 2016). Since Powell's sentencing, however, the *McArthur* decision was amended and superceded on panel rehearing. *See United States v. McArthur*, 850 F.3d 925 (8th Cir. 2017). We held that Minnesota third-degree burglary is not a predicate ACCA conviction. *Id.* at 939-40. The Government concedes that *McArthur*'s reasoning governs Powell's first-degree burglary conviction. Thus, both parties agree that Powell's burglary conviction no longer qualifies as a violent felony.

With only two predicate offenses, Powell cannot be classified as an armed career criminal.[1] Therefore, we vacate his sentence and grant the motion to remand for resentencing.

_____

[1] At the time of sentencing, this court had not yet considered whether Powell's Minnesota aggravated robbery and Minnesota simple robbery convictions qualified as a violent felonies. Since then, however, we have determined that both offenses qualify as violent felonies. *See United States v. Libby*, 880 F.3d 1011, 1015-16 (8th Cir. 2018).