# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3988

_____

United States of America

*Plaintiff - Appellant*

v.

Charles Lynch Pettis

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 20, 2017
Filed: April 27, 2018

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Charles Pettis pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Government argued that Pettis qualified as an armed career criminal under 18 U.S.C. § 924(e) based on six predicate convictions under Minnesota law: three for simple robbery, two for aggravated robbery, and one for second-degree burglary. Pettis objected to his classification as

an armed career criminal and argued that none of the six convictions qualified as predicate offenses under the Armed Career Criminal Act ("ACCA"). The court agreed with Pettis on five of the six convictions, finding that only one of his convictions for aggravated robbery qualified as violent felony for purposes of the ACCA. Because it found that Pettis had not been convicted of at least three predicate offenses, the court concluded that Pettis was not eligible for the ACCA sentencing enhancement. As a result, Pettis's guidelines range initially was determined to be 151 to 188 months, but because of the ten-year statutory maximum sentence for a felon-in-possession offense without the ACCA enhancement, *see* 18 U.S.C. § 924(a)(2), the guidelines sentence was 120 months, *see* U.S.S.G. § 5G1.1(a). The court sentenced Pettis to 120 months' imprisonment but noted that "if Mr. Pettis was found to be an armed career criminal under the ACCA, [it] would impose a sentence of 192 months." The Government timely appealed, arguing that Pettis qualifies as an armed career criminal.

The ACCA's enhanced sentencing penalties apply when a defendant has three or more convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e). On appeal, the Government initially argued that all six of the convictions in question qualify as violent felonies for purposes of the ACCA and thus that Pettis should receive the armed career criminal enhancement to his sentence. However, it now acknowledges that our decision in *United States v. McArthur*, 850 F.3d 925 (8th Cir. 2017), forecloses the possibility of classifying Pettis's burglary conviction as a predicate offense. Thus, for Pettis to qualify as an armed career criminal, his Minnesota simple-robbery convictions must qualify as predicate offenses. Accordingly, we limit our analysis to that question, which we review *de novo*. *See United States v. Shockley*, 816 F.3d 1058, 1062 (8th Cir. 2016).

As relevant here, a violent felony is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (the "force clause"). Physical force means "force capable

of causing physical pain or injury to another person." *Johnson v. United States*, 599 U.S. 133, 140 (2010). We use the categorical approach to determine whether a conviction qualifies as a predicate offense under the force clause of the ACCA. *See Taylor v. United States*, 495 U.S. 575, 588-89 (1990). "Under the categorical approach . . . , we focus on the elements of the state statute and consider whether a violation necessarily satisfies the federal definition of violent felony," considering both the text of the statute and the state courts' application of the statute. *United States v. Swopes*, 886 F.3d 668, 670, 671 (8th Cir. 2018) (en banc). In other words, to decide whether Minnesota simple robbery qualifies as a violent felony, we must determine whether a conviction for the offense requires the use, attempted use, or threatened use of force capable of causing physical pain or injury. To find that a conviction does not so require, "there must be a realistic probability, not a theoretical possibility," that a person would be convicted for conduct that does not involve this kind of violent force. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (internal quotation marks omitted).

Our analysis of the text and state-court application of the Minnesota simple-robbery statute is informed by two recent decisions. In *United States v. Libby*, we held that Minnesota simple robbery requires as an element at least the threatened use of violent force and thus qualifies as a violent felony under the ACCA. *See* 880 F.3d 1011, 1015-16 (8th Cir. 2018). That decision arguably resolves this case. Since *Libby*, however, an *en banc* panel of this court clarified the proper analysis for considering whether a statute requires violent force. *See Swopes*, 886 F.3d at 670-72 (overruling *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016)). Thus, while we reach the same conclusion as *Libby*, we revisit the question with the benefit of this new precedent.

In Minnesota, a simple robbery occurs when a person, "having knowledge of not being entitled thereto, takes personal property from . . . another and uses or threatens the imminent use of force against any person to overcome the person's

-3-

resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property." Minn. Stat. § 609.24. Citing our decision in *United States v. Eason*, 829 F.3d 633 (8th Cir. 2016), interpreting an Arkansas robbery statute, the district court felt compelled to find that Minnesota simple robbery does not constitute a violent felony for purposes of the ACCA. Like the district court below, Pettis relies heavily on our precedents involving convictions under similar statutes in other states—namely, *Eason* and *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016), which examined Missouri second-degree robbery. In those cases, panels of this court found that convictions under Ark. Code Ann. § 5-12-102 and Mo. Rev. Stat. § 569.030.1 do not require violent force and do not qualify as predicate offenses under the ACCA. *See Eason*, 829 F.3d at 641-42; *Bell*, 840 F.3d at 966-67.

But those decisions do not prevent us from finding that Minnesota simple robbery qualifies as a violent felony. In *Libby*, we compared the text of the Arkansas and Minnesota statutes and found that because "the statutes are distinguishable . . . we are not bound by *Eason*'s holding" when reviewing the Minnesota simple-robbery statute. 880 F.3d at 1016. Indeed, the Arkansas statute considered in *Eason* defines the requisite force for conviction as "*any* . . . [b]odily impact, restraint, or confinement." Ark. Code Ann. § 5-12-101 (emphasis added). *Eason* seemed to read that definition to include even the "merest touch," which is insufficient to constitute violent force under *Johnson*. *See* 559 U.S. at 143; *see also Eason*, 829 F.3d at 641 ("After *Johnson*, [the Arkansas definition of physical force], on its face, falls short of requiring force capable of causing physical pain or injury to another person." (internal quotation marks omitted)). In contrast, the Minnesota statute requires force sufficient to overcome resistance. *See* Minn. Stat. § 609.24.

As for the Missouri statute, Pettis repeatedly urges that there is no meaningful difference between it and the Minnesota statute. We agree. But since Pettis filed his briefs, we have held that a conviction for Missouri second-degree robbery qualifies as a violent felony. *See Swopes*, 886 F.3d at 672. In *Swopes*, we explained that the

-4-

"text of the Missouri second-degree robbery statute . . . requires proof that a defendant used physical force or threatened the immediate use of physical force." *Id.* The similarity between the text of the Missouri and Minnesota statutes thus supports the Government's position.

That still leaves Minnesota caselaw applying Minn. Stat. § 609.24. In conducting this analysis, we are again mindful of the *Swopes* decision. In *Swopes*, we emphasized two considerations for evaluating state caselaw: we (1) focus on the conduct at issue in the state court decision rather than isolated *dicta* and (2) focus more on the kind of force used—force capable of causing pain—rather than the degree of force or the resulting harm. *See Swopes*, 886 F.3d at 671. Thus, reviewing the facts of *State v. Lewis*, 466 S.W.3d 629 (Mo. Ct. App. 2015), we found that "[a] blind-side bump, brief struggle, and yank—like the 'slap in the face' posited by *Johnson*, 559 U.S. at 143—involves a use of force that is capable of inflicting pain," *Swopes*, 886 F.3d at 671, even where the victim did not actually suffer pain or injury.

Applying those principles here, we find that a conviction for simple robbery under Minnesota law requires proof of the use, attempted use, or threatened use of violent force. In resisting this conclusion, Pettis relies on a Minnesota Court of Appeals' statement that "[m]ere force suffices for the simple robbery statute," *see State v. Burwell*, 506 N.W.2d 34, 37 (Minn. Ct. App. 1993), and he seems to suggest that "mere force" equates to "mere touching," or at least to force that falls below *Johnson*'s threshold. In context, however, the language in *State v. Burwell* distinguished the "mere force" required for simple robbery from the actual infliction of bodily harm required for an aggravated-robbery conviction. *Id*. Moreover, Pettis has not identified any case upholding a Minnesota simple-robbery conviction predicated on force that falls below *Johnson*'s threshold. *See Moncrieffe*, 569 U.S. at 191 (explaining that the categorical approach "is not an invitation to apply legal imagination to the state offense" (internal quotation marks omitted)); *cf. Swopes*, 886 F.3d at 671 (focusing on the facts underlying the holding of *Lewis* rather than *dicta*).

Pettis points to *State v. Nelson*, 297 N.W.2d 285 (Minn. 1980), as a primary "example[] demonstrating the minimal amount of force needed to sustain a simple-robbery conviction."[1]  In that case, the Supreme Court of Minnesota upheld a simple-robbery conviction where a "defendant and an accomplice, both young adults, followed and grabbed a 13-year-old boy after he got off a bus and after they discussed 'getting' him because he looked like he had 'lots of money.'"  *Id.* at 286.  The court explained that the defendant "forcefully pulled on the boy's coat" and "jostled" him before he was able to slip out of the coat and run away, unharmed.  *Id.*  In *Libby*, decided before *Swopes*, we found that "simply because the boy avoided actual violent force by fleeing . . . does not mean that violent force was not threatened."  880 F.3d at 1016.  After *Swopes*, it has become apparent that the offense in *Nelson* actually "*did* involve the use of violent force," not just a threat of violent force.  *See Swopes,* 886 F.3d at 671.  Indeed, a jostle accompanied by a forceful pull—like the "blind-side bump, brief struggle, and yank" considered in *Swopes*—"involves a use of force that is capable of inflicting pain."  *Id.*; *see also Jennings*, 860 F.3d at 455 (finding that the "force in *Nelson* was more than de minimis" and "constitutes force . . . capable of causing physical pain, if not also injury").[2]  Thus, state caselaw supports a finding

---

[1]Pettis also urges us to consider *Duluth Street Railway Co. v. Fidelity & Deposit Co.*, 161 N.W. 595 (Minn. 1917), as illustrative of the "mere force" required for a simple-robbery conviction under Minnesota law.  In that case, the Supreme Court of Minnesota found that where thieves applied "gentle but firm" pressure in a crowded elevator to steal an envelope of money from another person's coat pocket, the conduct constituted robbery under the relevant insurance policy.  *See id.* at 595-96.  It noted that, "[f]or purposes of this case . . . [,] [t]he degree of force used is immaterial."  *Id.* at 596.  However, as a civil case interpreting an insurance policy, decided long before the current Minnesota simple-robbery statute was enacted, we agree with *Libby*'s characterization of *Duluth* as "entirely inapposite."  *See* 880 F.3d at 1016 n.4; *see also United States v. Jennings*, 860 F.3d 450, 455-56 (7th Cir. 2017) (finding *Duluth* "barely relevant, let alone instructive").

[2]Consequently, Pettis's effort to characterize *State v. Slaughter*, 691 N.W.2d 70 (Minn. 2005), as an example of minimal, nonviolent force also fails.  In that case,

that Minnesota simple robbery requires violent force and qualifies as a predicate offense under the ACCA.

With three simple-robbery convictions, Pettis is subject to an enhanced sentence as an armed career criminal. Accordingly, we vacate Pettis's sentence and remand the case for resentencing under the ACCA.

––––––––––––––––––––––––––

where the defendant yanked gold chains off a victim's neck, leaving scratches, the Supreme Court of Minnesota explained that "pushing or grabbing a person during [a] theft may constitute simple robbery." *Id.* at 76. Indeed, Pettis is "setting the bar higher than [*Johnson*] itself does" by "suggesting that the force employed must be of such a degree as to cause (or threaten) more serious injuries in order to qualify as violent force." *See Jennings*, 860 F.3d at 457.