# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1420
_____

United States of America,

*Plaintiff - Appellee,*

v.

Calvin Robinson, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 11, 2019
Filed: June 10, 2019
[Published]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Calvin Robinson, Jr., pleaded guilty to one count of unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). At

sentencing, the district court[1] determined that Robinson's prior conviction for first-degree aggravated robbery under Minnesota Statutes § 609.245 was a "crime of violence" under the sentencing guidelines, resulting in a base offense level of 20. *See* USSG § 2K2.1(a)(4)(A). The court calculated Robinson's advisory guideline range at 51-63 months and sentenced him to 60 months' imprisonment. Robinson argues on appeal that his prior Minnesota conviction does not qualify as a crime of violence, and that he should be resentenced based on a different guideline range calculated from a base offense level of 14. *See id.* § 2K2.1(a)(6).

A state felony conviction qualifies as a "crime of violence" under the "force clause" of the definition if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1); *see id.* § 2K2.1, comment. (n.1). Under Minnesota law, simple robbery consists of taking personal property from a person through the use, or threatened imminent use, "of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property." Minn. Stat. § 609.24. The more serious offense of first-degree aggravated robbery is defined as simple robbery committed while "armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon." *Id.* § 609.245, subdiv. 1.

In concluding that a conviction for first-degree aggravated robbery constituted a crime of violence, the district court relied on *United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018). *Libby* held that Minnesota simple robbery—and, as a result, the greater offense of first-degree aggravated robbery—qualifies as a "violent felony" under the Armed Career Criminal Act because it "contains as an element a threat of *violent* force." *Id.* at 1015; *see also* 18 U.S.C. § 924(e)(2)(B)(i). We reiterated this

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

point in *United States v. Pettis*, 888 F.3d 962 (8th Cir. 2018), observing "that a conviction for simple robbery under Minnesota law requires proof of the use, attempted use, or threatened use of violent force." *Id.* at 965. Because the force clauses under the Act and the sentencing guidelines are identical, the reasoning of *Libby* and *Pettis* establishes that first-degree aggravated robbery in Minnesota qualifies as a crime of violence. The district court thus properly determined that Robinson's base offense level was 20. *See* USSG § 2K2.1(a)(4)(A).

Robinson acknowledges these precedents, but hoped that the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), might undermine them. *Stokeling* held, however, that the term "physical force" in 18 U.S.C. § 924(e)(2)(B)(i) "includes the amount of force necessary to overcome a victim's resistance." 139 S. Ct. at 555. In *Taylor v. United States*, No. 17-1760, slip op. (8th Cir. June 7, 2019), we explained that *Stokeling* "reinforced—and certainly did not cast doubt on—our decision in *Pettis*." *Id.* at 5. *Stokeling* is also consistent with *Libby* and the conclusion that first-degree aggravated robbery in Minnesota has as an element a threatened use of violent force.

The judgment of the district court is affirmed.

_____