# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2077

_____

United States of America

*Plaintiff - Appellee*

v.

Julian Lamar Cross

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 19, 2019
Filed: July 16, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, KELLY and KOBES, Circuit Judges.

_____

PER CURIAM.

Julian Lamar Cross pleaded guilty to possessing a firearm after being convicted
of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At sentencing, the

district court[1] calculated Cross's base offense level to be 24 under the United States Sentencing Guidelines § 2K2.1(a)(2) (2016), concluding that Cross had two prior felony convictions for a "crime of violence." Based on a total offense level of 21 and a criminal history category of VI, Cross's advisory Guidelines range was 77 to 96 months' imprisonment. The district court rejected Cross's request for a downward variance and sentenced him to 77 months. He now appeals, challenging his sentence as procedurally and substantively unreasonable.

When reviewing a sentencing challenge, we first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "We review de novo the district court's interpretation and application of the advisory guidelines." United States v. Brown, 550 F.3d 724, 728 (8th Cir. 2008). Absent any significant procedural error, we then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. Feemster, 572 F.3d at 461.

The only procedural error that Cross asserts is the district court's classification of his 2011 conviction for aiding and abetting simple robbery, in violation of Minn. Stat. § 609.24, as a crime of violence under the Guidelines. A conviction for a state offense that is "punishable by imprisonment for a term exceeding one year" qualifies as a crime of violence under the "force clause" of the Guidelines if the statute of conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a); see id. § 2K2.1 cmt. (n.1). If a state conviction for an offense such as robbery is determined to qualify as a crime of violence, a conviction for aiding and abetting that offense also qualifies as a crime of violence. See Brown, 550 F.3d at 728; USSG § 4B1.2 cmt. (n.1). As Cross

---

[1] The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

acknowledges, in United States v. Pettis we held that a conviction for Minnesota simple robbery qualifies as a "violent felony" under the force clause of the Armed Career Criminal Act (ACCA), 888 F.3d 962, 965 (8th Cir. 2018), cert. denied, 139 S. Ct. 1258 (2019), foreclosing his contention that his conviction does not qualify as a "crime of violence" under the Guidelines, see United States v. Robinson, 925 F.3d 997, 999 (8th Cir. 2019) (per curiam) (explaining that because the force clauses of the Guidelines and the ACCA are identical, we apply precedent construing both clauses interchangeably). Cross nevertheless preserved his argument pending the Supreme Court's decision in Stokeling v. United States, 139 S. Ct. 544 (2019), which he argued might cast doubt on Pettis. As we recently explained, however, "*Stokeling* 'reinforced—and certainly did not cast doubt on—our decision in *Pettis*.'" Robinson, 925 F.3d at 999 (quoting Taylor v. United States, 926 F.3d 939, 942 (8th Cir. 2019)); see also United States v. Williams, 926 F.3d 966, 969 (8th Cir. 2019). The district court thus properly classified Cross's Minnesota conviction for aiding and abetting simple robbery as a crime of violence.

Turning to the substantive reasonableness of Cross's sentence, we find no abuse of discretion. A district court abuses its discretion and imposes an unreasonable sentence "when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (cleaned up). We may presume that a sentence within the Guidelines range is reasonable. Id. Cross's sole argument on appeal is that the district court should have varied below the Guidelines range in light of his mitigating factors, namely, his troubled past, the fact that his criminal history category was largely based on crimes he committed before his 21st birthday, and the fact that his requested 60-month sentence would still be significantly longer than any of his previous terms of incarceration. But at sentencing, the district court considered these arguments and nevertheless concluded that a sentence at the very bottom of the Guidelines range was appropriate in light of Cross's aggravating

-3-

factors, including his lengthy criminal history and the circumstances of his offense of conviction. A district court has wide latitude in weighing the sentencing factors of 18 U.S.C. § 3553(a), and a "defendant challenging his sentence 'must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors.'" United States v. Moua, 895 F.3d 556, 559 (8th Cir. 2018) (quoting United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam)). The district court carefully considered the sentencing factors in this case and did not abuse its discretion in sentencing Cross to 77 months' imprisonment.

The judgment of the district court is affirmed.

_____