United States Court of Appeals

For the Eighth Circuit

_____

No. 18-1425

_____

United States of America

*Plaintiff - Appellee*

Joseph Dean Mork

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2019
Filed: November 27, 2019
[Unpublished]

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Joseph Dean Mork pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] found that Mork was an armed career criminal and sentenced him to the mandatory minimum of 180

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

months imprisonment.  See 18 U.S.C. § 924(e)(1).  On appeal, Mork argues that his prior robbery convictions are not predicate offenses under the Armed Career Criminal Act (ACCA).  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

The ACCA imposes a mandatory minimum sentence of 180 months imprisonment if a defendant is convicted of being a felon in possession of a firearm "and has three previous convictions . . . for a violent felony."  Id.  The statute defines "violent felony," in part, as a crime punishable by more than one year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  Id. § 924(e)(2)(B)(i).  We review de novo the district court's determination of whether a prior conviction qualifies as a violent felony under the ACCA.  United States v. Schaffer, 818 F.3d 796, 798 (8th Cir. 2016).

The district court found that Mork was an armed career criminal based on his Minnesota robbery convictions.  The pre-sentence investigation report stated that Mork was convicted once for simple robbery, three times for first-degree aggravated robbery, and once for second-degree aggravated robbery.  See Minn. Stat. § 609.24 (simple robbery); Minn. Stat. § 609.245, subdiv. 1 (first-degree aggravated robbery); Minn. Stat. § 609.245, subdiv. 2 (second-degree aggravated robbery).  These offenses categorically qualify as violent felonies under the ACCA.  See, e.g., United States v. Pettis, 888 F.3d 962, 965 (8th Cir. 2018) (simple robbery); United States v. Libby, 880 F.3d 1011, 1016 (8th Cir. 2018) (first-degree aggravated robbery); United States v. Johnson, 688 F. App'x 404, 406 (8th Cir. 2017) (attempted second-degree aggravated robbery).

Mork asserts that Stokeling v. United States, 139 S. Ct. 544 (2019) calls into question our precedents concerning the ACCA's force clause and the Minnesota robbery statutes at issue.  We have, however, recently considered and rejected this argument.  E.g., Taylor v. United States, 926 F.3d 939, 942 (8th Cir. 2019) ("[W]e conclude that the Supreme Court's decision in Stokeling reinforced—and certainly

did not cast doubt on—our decision in <u>Pettis</u> that a prior Minnesota conviction for the crime of simple robbery is a 'violent felony' under the ACCA's force clause."); <u>United States v. Robinson</u>, 925 F.3d 997, 999 (8th Cir. 2019) ("<u>Stokeling</u> is also consistent with <u>Libby</u> and the conclusion that first-degree aggravated robbery in Minnesota has as an element a threatened use of violent force."). Accordingly, even after <u>Stokeling</u>, Mork's robbery convictions constitute violent felonies under the ACCA. <u>See</u> <u>Mader v. United States</u>, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (noting that subsequent panels are bound by prior panel decisions).

We affirm the judgment of the district court.

_____