# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2120

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Lynch Pettis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 10, 2020
Filed: April 15, 2020
[Unpublished]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Charles Lynch Pettis appeals after the district court[1] resentenced him pursuant to this court's remand order in *United States v. Pettis*, 888 F.3d 962 (8th Cir. 2018),

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

*cert. denied*, 139 S. Ct. 1258 (2019). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel has moved for leave to withdraw, and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the sentence as an abuse of discretion and substantively unreasonable. In pro se briefs, Pettis asserts that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019); the Armed Career Criminal Act (ACCA) violates the Eighth Amendment; and appellate counsel was ineffective for failing to raise both of those arguments in this court. He also contends his indictment was defective, and his due process rights have been violated.

This court concludes that the district court did not abuse its discretion in resentencing Pettis, because the record reflects the district court properly considered the 18 U.S.C. § 3553(a) factors. *See United States v. Feemster*, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under deferential abuse-of-discretion standard). This court also concludes that Pettis has not established he is entitled to plain-error relief under *Rehaif*, because, at a minimum, he has not shown any error affected his substantial rights. *See United States v. Jawher*, 950 F.3d 576, 579 (8th Cir. 2020) (reviewing *Rehaif* argument for plain error because it was not first raised in district court; plain error review requires defendant to prove (1) an error, (2) that is plain, and (3) that affects substantial rights); *see also Rehaif*, 139 S. Ct. at 2198 ("[W]e doubt that the obligation to prove a defendant's knowledge of his status will be . . . burdensome" because "knowledge can be inferred from circumstantial evidence") (internal citation omitted); *United States v. Cox*, 796 Fed. Appx. 322 (8th Cir. 2020) (unpublished per curiam) (concluding defendant could not show *Rehaif* error affected his substantial rights because, inter alia, he had other convictions resulting in years of imprisonment); *United States v. Davies*, 942 F.3d 871, 874 (8th Cir. 2019) (*Rehaif* requires only that

defendant knew, at the time he possessed firearms, that he had been convicted of a crime punishable by more than one year in prison).

Pettis's Eighth Amendment claim is foreclosed by this court's precedent so his ineffective-assistance claim necessarily lacks merit. *See United States v. Montgomery*, 701 F.3d 1218, 1224 (8th Cir. 2012) (ACCA sentence which fell at the bottom of the Guidelines range did not violate Eighth Amendment). As to Pettis's remaining arguments, this court finds no basis for reversal. The court has independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and finds no nonfrivolous issues for appeal.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____