# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-3660

———————————————

United States of America

*Plaintiff - Appellee*

v.

Peter Terrell Redditt

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: February 10, 2020
Filed: July 15, 2020
[Published]

——————————

Before LOKEN, BENTON, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Peter Terrell Redditt pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Reddit has three prior Minnesota convictions for first degree aggravated robbery.  See Minn. Stat. § 609.245, subd. 1.  In United States v. Libby, 880 F.3d 1011, 1015-16 (8th Cir. 2018), we held that this crime is, categorically, a violent felony under the "force clause" of the Armed Career Criminal

Act ("ACCA").[1] Consistent with Libby, the district court[2] classified Redditt's prior convictions as "violent felonies" and sentenced him to 180 months imprisonment, the ACCA mandatory minimum prison sentence. See 18 U.S.C. § 924(e)(1). Reddit appeals, arguing his Minnesota aggravated robbery convictions are no longer ACCA violent felonies in light of the Supreme Court's decision in Stokeling v. United States, 139 S. Ct. 544 (2019), issued after his sentencing.

In United States v. Jackson-Bey, No. 18-3545 (8th Cir. July 7, 2020), we recently rejected this identical argument, concluding it was foreclosed by two decisions issued while Redditt's appeal was pending. In Taylor v. United States, 926 F.3d 939, 942 (8th Cir. 2019), we held that "Stokeling reinforced -- and certainly did not cast doubt on -- our decision in Pettis[3] that a prior Minnesota conviction for the crime of simple robbery is a 'violent felony' under the ACCA's force clause." Based on Taylor, we held in United States v. Robinson 925 F.3d 997, 998-99 (8th Cir. 2019), that first degree aggravated robbery remains a violent felony after Stokeling because its offense conduct includes simple robbery. As Jackson-Bey is binding on our panel, we must affirm.

The prior conviction at issue in Jackson-Bey was the Minnesota offense of simple robbery -- taking personal property from another person while using or threatening the imminent use of force to overcome the person's resistance or to compel

---

[1]The force or elements clause states: "(B) the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[3]United States v. Pettis, 888 F.3d 962, 966 (8th Cir. 2018), cert. denied, 139 S. Ct. 1258 (2019).

acquiescence in the taking.  Minn. Stat. § 609.24.  We concluded that <u>Stokeling</u> did not overrule or undermine our prior decisions in <u>Libby</u> and <u>Pettis</u> that this offense is, categorically, a violent felony under the ACCA's force clause.  After we issued our decisions in <u>Taylor</u> and <u>Robinson</u>, Redditt moved for leave to file a *pro se* supplemental brief arguing that even if the Minnesota offense of simple robbery is a violent felony under the ACCA's force clause, first degree aggravated robbery is not because it can be committed by being armed without using force.  As this is a variation of the argument presented by counsel, we grant the motion for leave to file.  However, we conclude that this argument, too, is foreclosed by our prior decisions.

A person commits Minnesota first degree aggravated robbery if he, "while committing a robbery, is armed with a dangerous weapon . . . or inflicts bodily harm upon another."  Minn. Stat. § 609.245, subd. 1.  Redditt argues that, because the statute defines first degree aggravated robbery as "robbery" with a weapon, not "simple robbery" with a weapon, simple robbery is not a lesser included offense of first degree aggravated robbery.  But in <u>Libby</u>, we held that simple robbery *is* a lesser included offense of first degree aggravated robbery, 880 F.3d at 1013, and we noted that "[n]either party disputes that the elements, as defined in both Minn. Stat. § 609.245, subd. 1 and Minn. Stat. § 609.24, present an indivisible offense."  880 F.3d at 1015.  In <u>Robinson</u>, we confirmed, post-<u>Stokeling</u>, that first degree aggravated robbery "is defined as simple robbery committed while armed with a dangerous weapon."  925 F.3d at 998-99 (quotation omitted).  Thus, binding circuit precedent establishes that Minnesota first degree aggravated robbery is an indivisible offense that includes the lesser included offense of simple robbery.  Thus, it is, categorically, a violent felony under the ACCA.

The judgment of the district court is affirmed.

_____