# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1475
_____

United States of America

*Plaintiff - Appellee*

v.

Clarence J. Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 16, 2022
Filed: February 21, 2023

_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Clarence Harris pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C § 922(g)(1) pursuant to a written plea agreement. He later moved to withdraw his guilty plea when the probation office determined that he had three or more prior convictions "for a violent felony or a serious drug offense," which qualified him for a mandatory minimum sentence of 15 years' imprisonment under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). At

sentencing, the district court[1] denied Harris's motion, reasoning that the plea agreement expressly stated that Harris may be subject to a mandatory minimum sentence under the ACCA and that this would not be grounds for withdrawal of his plea. The district court then concluded that Harris's prior convictions indeed qualified him for a 15-year sentence under the ACCA and sentenced him accordingly. On appeal, Harris argues that the district court erred by not allowing him to withdraw his guilty plea and by finding that his criminal history included three ACCA predicate offenses. We affirm.

**I.**

On July 24, 2019, Harris, a convicted felon, was driving a car in St. Louis, Missouri. After police officers saw him fail to stop at a stop sign, they activated their lights and sirens and attempted to pull his car over. Harris pulled over, but when officers got out of their patrol vehicles to approach him, he sped off. A car chase ensued during which Harris swerved in and out of oncoming traffic and drove through red lights. Before long, Harris lost control of his car, and the car chase became a foot chase. Officers eventually subdued him with a Taser and placed him under arrest. A search of his car revealed two loaded handguns on the floorboard of the front passenger seat.

Harris was indicted for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1). He pleaded guilty. The plea agreement stated that the Government had independently investigated whether Harris qualified as an armed career criminal under 18 U.S.C. § 924(e) and that neither it nor Harris believed that he was. But the agreement also stated that Harris may be subject to a mandatory minimum sentence of 15 years' imprisonment if the district court concluded that he was an armed career criminal. Indeed, it provided that Harris "is pleading guilty with full knowledge of th[is] possibilit[y]," that he had "discussed th[is] possibilit[y] with counsel," and that

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

he would "not be able to withdraw the guilty plea if the Court determines the [ACCA] applies." During Harris's plea hearing, the district court reviewed these provisions with Harris in depth, explaining, "if it is determined that you are an armed career criminal . . . then you're going to have a higher Total Offense Level" and "we're not going to know that until after we determine exactly what your criminal record is after completing the presentence report." Harris confirmed that he understood and that he had discussed such possibility with his lawyer. The district court then accepted Harris's plea agreement.

Prior to sentencing, the probation office issued a final presentence investigation report ("PSR"), which determined that three of Harris's prior Missouri convictions—two for discharging a weapon at or from a motor vehicle in violation of Mo. Rev. Stat. § 571.030.1(9) and one for resisting felony arrest—were predicate violent felonies under the ACCA. Harris objected. He conceded that his resisting-arrest conviction and his first unlawful-discharge conviction were ACCA predicates, but he insisted that his second unlawful-discharge conviction was not. Harris then moved to withdraw his guilty plea, claiming that the Government's assurance that he was not ACCA-eligible had improperly induced him to plead guilty. The district court denied his motion and explained that Harris's argument was contradicted by the plain terms of the plea agreement and by Harris's own representations at his plea hearing.

At sentencing, the district court concluded that Harris's second unlawful-discharge conviction was a proper ACCA predicate and that Harris therefore qualified for a 15-year mandatory minimum sentence. The court then sentenced Harris to 180 months' imprisonment, the statutory minimum.

**II.**

We begin with Harris's argument that the district court should have permitted him to withdraw his guilty plea. A defendant may withdraw a guilty plea after the court accepts the plea but before it imposes a sentence where he shows a "fair and

just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Seys*, 27 F.4th 606, 610 (8th Cir. 2022).

Harris argues that the PSR's conclusion that he qualified as an armed career criminal is a "fair and just reason for requesting the withdrawal" because his guilty plea was induced by the Government's representation that it did not believe him to be ACCA-eligible. We disagree. Harris's plea agreement expressly contemplated the possibility that the district court might determine him to qualify for an ACCA mandatory minimum sentence, and it made clear that this would not create grounds for withdrawal. The district court reviewed these provisions of the plea agreement with Harris during his plea hearing, emphasizing, "if it is determined that you are an armed career criminal . . . then you're going to have a higher Total Offense Level" and "we're not going to know that until after we determine exactly what your criminal record is after completing the presentence report." The district court also reiterated that if it turned out that Harris qualified as an armed career criminal, he would be subject to a 15-year minimum sentence. Harris unequivocally indicated that he understood this possibility, that he had discussed it with his lawyer, and that he wished to plead guilty anyway. Given these circumstances, we agree with the district court that Harris failed to show any "fair and just reason for requesting the withdrawal." *Cf. United States v. Reed*, 39 F.4th 1285, 1291, 1293-94 (10th Cir. 2022) (holding that a defendant was not prejudiced by pleading guilty on the erroneous advice of counsel that he was unlikely to be an armed career criminal where the defendant was informed in both the plea agreement and plea colloquy "that he was potentially subject to ACCA and a mandatory minimum 15 years' imprisonment"). Accordingly, the district court did not abuse its discretion in denying Harris's motion to withdraw his guilty plea.

## III.

Next, we address the district court's determination that Harris qualified as an armed career criminal. Harris contends that this determination was erroneous

-4-

because his second unlawful-discharge conviction under Mo. Rev. Stat. § 571.030.1(9) is not a violent felony under the ACCA. Our review is *de novo*. *United States v. Clark*, 1 F.4th 632, 634 (8th Cir. 2021).

Under the ACCA, a defendant who is convicted of an offense under § 922(g) and has at least three prior convictions "for a violent felony or a serious drug offense, or both" is subject to a mandatory minimum sentence of at least 15 years' imprisonment. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). "Physical force 'means *violent* force—that is, force capable of causing physical pain or injury to another person.'" *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Thus, to find that Harris's second unlawful-discharge conviction is an ACCA predicate, we must determine that Mo. Rev. Stat. § 571.030.1(9) contains as an element the use, attempted use, or threatened use of force capable of causing pain or injury to another.

Section 571.030.1(9) provides:

> A person commits the offense of unlawful use of weapons, . . . if he or she knowingly . . . [d]ischarges or shoots a firearm at or from a motor vehicle, as defined in section 301.010, discharges or shoots a firearm at any person, or at any other motor vehicle, or at any building or habitable structure, unless the person was lawfully acting in self-defense . . . .

Harris concedes that § 571.030.1(9) is divisible, meaning that it "lists elements in the alternative, and thereby defines multiple crimes." *See United States v. Libby*, 880 F.3d 1011, 1014 (8th Cir. 2018) (brackets omitted). We therefore assume, without deciding, that it is divisible and includes four offenses: (1) shooting at vehicles; (2) shooting at persons from vehicles; (3) shooting at buildings from vehicles; and (4) shooting at vehicles from vehicles. *See State v. Barraza*, 238 S.W.3d 187, 191-92 (Mo. Ct. App. 2007) ("Although perhaps not a model of

-5-

draftsmanship, [§ 571.030.1(9)] prohibits shooting at a motor vehicle, from a motor vehicle at any other person, building or habitable structure, or from one vehicle at another vehicle.").

When faced with a divisible statute, we employ the modified categorical approach. *Libby*, 880 F.3d at 1014. Under this approach, we perform "a constrained inspection of a limited class of documents" including, as applicable, the indictment, jury instructions, plea agreement, and colloquy, to discover "what crime, with what elements, a defendant was convicted of." *See id.* (internal quotation marks omitted) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)); *United States v. Irons*, 849 F.3d 743, 746 (8th Cir. 2017) ("The *modified* categorical approach is used to determine which statutory phrase, contained within a statute listing several different crimes, covers a prior conviction." (brackets and internal quotation marks omitted)). If the specific offense within § 571.030.1(9) for which Harris was convicted has a physical-force element, i.e., if there is no "non-fanciful, non-theoretical manner to commit the offense without so much as the threatened use of physical force," then his conviction qualifies as an ACCA predicate. *See United States v. Hamilton*, 46 F.4th 864, 868 (8th Cir. 2022) (brackets omitted).

We therefore consult the indictment to which Harris pleaded guilty. It states:

> The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant . . . committed the class B felony of unlawful use of a weapon, punishable upon conviction under . . . [§] 571.030.9, . . . in that on 10/29/04, in the City of St. Louis, State of Missouri, the defendant, while within the city limits of the City of St. Louis *knowingly shot a firearm from a Red Ford Explorer, a motor vehicle, at other persons.* (emphasis added).

This language makes clear that Harris pleaded guilty to the § 571.030.1(9) offense of shooting at other persons from a motor vehicle. *See Barraza*, 238 S.W.3d at 191-92. The final step, then, is to determine whether this offense has a physical-force element. We conclude that it does because there is no "non-fanciful, non-theoretical

manner" to knowingly shoot at other persons from a motor vehicle "without so much as the threatened use of physical force."  *See Hamilton*, 46 F.4th at 868; *see also United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016) (holding that a Minnesota conviction for recklessly shooting a firearm "at or toward a person" had a physical force-element under the ACCA).[2]  Accordingly, the district court did not err in concluding that Harris qualified for a mandatory minimum of 15 years' imprisonment under the ACCA.

## IV.

For the foregoing reasons, we affirm.

_____

_____

[2]Although the Supreme Court has since abrogated *Fogg* by holding that offenses resulting from merely reckless conduct are not violent felonies under the ACCA, *Borden v. United States*, 593 U.S. ---, 141 S. Ct. 1817, 1821-22 (2021), Harris pleaded guilty to *knowingly* shooting at other persons from a motor vehicle, which easily satisfies the ACCA's physical-force requirement, *see id*. at 1826-27.