**STATE of Minnesota, Respondent,**

**v.**

**Larry Eugene BURRELL, Appellant.**

**No. C8-93-103.**

Court of Appeals of Minnesota.

Sept. 21, 1993.

Review Denied Oct. 19, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Linda K. Jenny, Asst. County Atty., Minneapolis, for respondent.

Susan J. Andrews, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by FORSBERG, P.J., and DAVIES and PETERSON, JJ.

## OPINION

FORSBERG, Judge.

Appellant Larry Eugene Burrell was charged with simple robbery and aggravated robbery under Minn.Stat. §§ 609.24 and 609.-245 (1990). Following a jury trial, he was convicted as charged and sentenced to the presumptive guideline term of 108 months. He appeals from his conviction and sentence. We affirm.

## FACTS

The complainant, C.A., owns a small convenience store in Minneapolis. On the afternoon of February 13, 1992, she was at work when appellant came in. Appellant walked to the back of the store and into C.A.'s office.

While in the office, appellant stuffed seven cartons of cigarettes, worth $132, into his coat. He then hurried out of the store. C.A. noticed a carton of cigarettes poking out of appellant's coat. She asked a friend to watch the store while she ran after appellant.

Appellant testified at trial that after he left the store, he proceeded directly to a getaway car down the street. As he was about to get in the car, he stated someone jumped on his back and grabbed him around the neck. Appellant explained he has only one lung and was once shot in the throat. He claimed he could not breathe, and reflexively bit the person in the hand. He further claimed it was not until after he bit the person and pushed her to the ground that he realized it was C.A. who jumped on him.

C.A. testified she ran out of her store screaming for the police and for appellant to "ante up" and "give those cigarettes back." She specifically denied jumping on appellant or choking him. She testified appellant grabbed her as she was screaming at him. She claimed appellant threw her against the car and bit her in the wrist. She then pulled his hair, and he punched her in the side of the face with a closed fist and knocked her to the ground. C.A. testified appellant got in the car and threw one of the cartons of cigarettes he had stolen at her, yelling "take the cigarettes, bitch." Appellant was immediately stopped by the police, who heard C.A. yelling for help.

C.A. testified that after the incident, she realized she was hurt. Her hand had started to swell from the bite, and there was blood coming from the wound. The right side of her face was very red and was also starting to swell. She claimed her injuries were very painful.

## ISSUES

1. Is the evidence sufficient to sustain appellant's conviction for robbery?

2. Do the aggravated robbery and simple robbery statutes impermissibly overlap?

3. Do the interests of justice require a downward durational departure?

## ANALYSIS

### I.

In reviewing the sufficiency of the evidence, this court must carefully review the record to determine whether the evidence, when viewed in the light most favorable to the verdict, is sufficient to support the conviction. *State v. Martin,* 293 N.W.2d 54, 55 (Minn.1980). We must decide whether the jury could reasonably have found the defendant guilty of the crime charged. *State v. Swain,* 269 N.W.2d 707, 712 (Minn.1978).

Simple robbery is defined as follows:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery.

Minn.Stat. § 609.24 (1990).

Aggravated robbery, on the other hand, is defined as:

> Whoever, while committing a robbery, is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or *inflicts bodily harm upon another,* is guilty of aggravated robbery.

Minn.Stat. § 609.245 (1990) (emphasis added).

Appellant insists the evidence is insufficient to sustain his conviction for robbery because he did not use or threaten force in the "taking" of the cigarettes.[1] He argues that since he had already left the store and was about to enter a car when C.A. ran after him, his use of force was clearly designed to effect his escape, not to enable him to "carry away" the cigarettes.

Admittedly, the supreme court has recognized that the "use of force in escaping only [may be] insufficient to constitute robbery because it is clear from the statute that one must do more than merely use force to escape with stolen property." *State v. Kvale,* 302 N.W.2d 650, 652–53 (Minn.1981). However, the statute is satisfied when "the use of force or threats precede or accompany either the taking *or the carrying away.*" *Id.* at 653 (emphasis added). Appellant's use of force in this case may be viewed as occurring more closely with the "carrying away" of the cigarettes than with an escape. By appellant's own testimony, the entire confrontation took less than one minute; the use of force thus occurred almost immediately after appellant ran outside the store with the cigarettes. Moreover, given C.A.'s version of the events, the jury had ample ground to conclude appellant's actions fit within the "carrying away" provision of the statute.

### II.

Appellant argues his conviction must be reduced from aggravated robbery to simple robbery because the statutes impermissibly overlap and either could control in this case. *See State v. Lewandowski,* 443 N.W.2d 551, 554 (Minn.App.1989).[2] He points out that a person is guilty of aggravated robbery if he inflicts "bodily harm" during a robbery,

1. In a pro se supplemental brief, appellant also argues that the evidence is insufficient to sustain his robbery conviction because he did not take the cigarettes "from the person or in the presence of another," as required by Minn.Stat. § 609.24. However, as the state notes, it is undisputed that appellant took the cigarettes from the store and ran out past C.A., who saw him with "a carton of Newport cigarettes" sticking out of his coat, and her friend, who "saw this carton of cigarettes sticking out at the top of [his] jacket." The evidence established appellant took the cigarettes "in the presence of another."

2. The state notes that appellant failed to raise this issue at trial, and that he has therefore waived his right to have it considered on appeal. *See State v. Roby,* 463 N.W.2d 506, 508 (Minn. 1990). We exercise our discretion in addressing this issue. *See* Minn.R.Civ.App. 103.04.

while he is guilty of simple robbery if he "uses or threatens the imminent use of force" to take another's property. *See* Minn.Stat. §§ 609.245 and 609.24. The simple robbery statute does not define "force," and the comment to the jury instruction guide for simple robbery states: "It is probably unnecessary to define 'force,' but a definition, if desired, is found in CRIMJIG 12.20." 10 *Minnesota Practice,* CRIMJIG 14.02 cmt. (1990). In turn, CRIMJIG 12.20 defines "force" as "intentionally inflicting * * * bodily harm upon another." 10 *Minnesota Practice,* CRIMJIG 12.20 (1990). Thus, appellant argues that the jury instruction guides' definition of "force" includes the infliction of bodily harm, the same requirement for aggravated robbery.

However, the jury instruction guides do not control over the language of the statutes. The guides are drafted by a committee of the Minnesota District Judges Association. They are not drafted by the Minnesota Legislature, and are not indicative of legislative intent. *See Range v. Van Buskirk Constr. Co.,* 281 Minn. 312, 314 n. 3, 161 N.W.2d 645, 647 n. 3 (1968).

Moreover, where statutory language is clear and unambiguous, as it is in this case, a court must give effect to that plain language. *See State v. Forsman,* 260 N.W.2d 160, 164 (Minn.1977). A reading of both statutes shows that the infliction of bodily harm is a required element for aggravated robbery. In order to establish bodily harm, there must be some evidence that the victim was subjected to pain or injury. *See State v. Johnson,* 277 Minn. 230, 237, 152 N.W.2d 768, 773 (1967), *cert. denied,* 390 U.S. 990, 88 S.Ct. 1190, 20 L.Ed.2d 1297 (1968); Minn. Stat. § 609.02, subd. 7 (1990) (bodily harm is "physical pain or injury, illness, or any impairment of physical condition"). Mere force suffices for the simple robbery statute. Since the statutes for simple robbery and aggravated robbery are clear and describe different behavior, they do not impermissibly overlap.

### III.

Appellant finally requests a reduction in his sentence from 108 months to 54 months, which is the sentence he would have received had he been convicted of simple robbery. He argues his sentence should be reduced "in the interests of justice." *See State v. Gilbert,* 448 N.W.2d 875, 876 (Minn. 1989) (where supreme court concerned with defendant's specific criminal intent, it reduced defendant's sentence for attempted second degree intentional murder). He further argues that even if we conclude his conduct falls within the aggravated robbery statute, we should grant him a downward departure because his conduct was far less serious than the kind of conduct typically associated with an aggravated robbery.

The trial court denied appellant's request for a downward durational departure, and imposed the presumptive guideline sentence for aggravated robbery. A trial court is accorded broad discretion in deciding whether to depart durationally based on conduct which was significantly less serious than that typically involved in the commission of the crime in question. *See State v. Cox,* 343 N.W.2d 641, 643 (Minn.1984). "[T]o be the basis for a downward departure, a factor must tend to excuse or mitigate the offender's culpability for the offense." *State v. Esparza,* 367 N.W.2d 619, 621 (Minn.App. 1985).

We do not believe there are any factors mitigating appellant's culpability in this case. He inflicted bodily harm upon the complainant by biting her and drawing blood, punching her in the face, and knocking her down; his crime was not committed in a less serious manner than the typical aggravated robbery. *See, e.g., State v. Nash,* 342 N.W.2d 177, 180–81 (Minn.App.1984) (evidence supported aggravated robbery conviction when defendant punched victim, cutting his lip, and took his wallet), *pet. for rev. denied* (Minn. Mar. 15, 1984). In addition, his conduct clearly met the elements of aggravated robbery. Under these circumstances, the trial court did not abuse its discretion in refusing to reduce appellant's sentence.

The judgment and conviction are affirmed.

**Affirmed.**