# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2382

_____

United States of America

*Plaintiff - Appellee*

v.

Stephen D. Bagley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 5, 2018
Filed: November 6, 2018

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In July 2015, Stephen Bagley pleaded guilty to carjacking and firearm charges, pursuant to a written plea agreement that contained a waiver of the right to challenge his conviction and sentence. Bagley admitted that he stole a Nissan Altima at gun point with the car owner's dog (Mister) in the backseat, that the police later responded to a multi-vehicle car accident caused by the Altima, and that officers found Mister dead inside the car. The Altima owner filed a victim impact statement

seeking, as relevant, $14,999 in restitution for the "loss of life to Mister, a 4 year old Terrier that [he] raised from a puppy"; and one of the victims involved in the car accident filed a victim impact statement seeking $3,500 in restitution for "[o]ngoing chiropractic care with unknown total cost." The district court sentenced Bagley to 70 months on the carjacking charge, followed by 84 months on the firearm charge. The court also awarded restitution of $1,000 to the Altima owner for the death of Mister, and $2,000 to the car accident victim for chiropractic care.

Bagley's counsel has moved to withdraw and has submitted a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in assessing criminal history points for a sentence imposed contemporaneously in the District of Kansas, and by ordering restitution without supporting documentation. Counsel later filed a supplemental brief after the Kansas conviction was vacated, arguing that Bagley should be resentenced in light of the vacature. The government argues that the appeal waiver bars Bagley's challenge to his criminal history score, and that the restitution order for Mister's death was supported by the victim's statement that he raised the dog from a puppy, and "the district court's basic knowledge of expenses associated with dog ownership"; but concedes that the restitution order for chiropractic care was not supported by the record.

We conclude that the appeal waiver is valid and should be enforced as to Bagley's challenge to his criminal history score, because our review of the record demonstrates that Bagley entered into the plea agreement and the appeal waiver knowingly and voluntarily, see Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); the argument falls within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc).

Bagley's challenge to the ordered restitution falls outside the scope of the appeal waiver, see United States v. Sistrunk, 432 F.3d 917, 918 (8th Cir. 2006), and we review the district court's legal conclusions de novo, and its findings as to the amount of loss for clear error, see United States v. Chalupnik, 514 F.3d 748, 752 (8th Cir. 2008). Under the Mandatory Victims Restitution Act (MVRA), the district court shall order a defendant convicted of certain offenses to make restitution based on actual losses due to "bodily injury" or "loss or destruction of property" to a victim who suffered "physical injury or pecuniary loss." See 18 U.S.C. § 3663A(b), (c); United States v. Frazier, 651 F.3d 899, 903-05 (8th Cir. 2011). As to the restitution for chiropractic care, we find that the amount awarded was unsupported by evidence, as it was based on an estimate, not the actual loss caused by the injury. See 18 U.S.C. § 3663A(b)(2); Frazier, 651 F.3d at 903-05; United States v. Young, 272 F.3d 1052, 1056 (8th Cir. 2001).

As to restitution for the death of Mister, we conclude that restitution is properly based on the provision of the MVRA addressing lost or destroyed property. See generally Andrews v. City of West Branch, 454 F.3d 914, 918 (8th Cir. 2006). The MVRA provides that, if the return of lost property is impossible, as in this case, the victim is entitled to payment of "the value of the property" on the date of destruction or sentencing, whichever is greater. 18 U.S.C. § 3663A(b)(1)(B). To measure the value of destroyed property, other circuits have concluded "that fair market value generally provides the best measure to ensure restitution in the 'full amount' of the victim's loss, but that 'replacement value' is an appropriate measure . . . where the fair market value is either difficult to determine or would otherwise be an inadequate or inferior measure of the value necessary to make the victim whole." United States v. Kaplan, 839 F.3d 795, 802 (9th Cir. 2016); accord Frazier, 651 F.3d at 908. Congress provided that "replacement costs" of lost animals is the proper measure of restitution for victims of violent offenses against animal enterprises, 18 U.S.C. § 43(d)(3), which strongly suggests that replacement value is the proper measure under § 3663A(b)(1)(B) for loss of a valued pet such as Mister. However, the

government presented no evidence of replacement cost or value, only a speculative estimate of the costs associated with raising Mister. To illustrate this point with an obvious example, the annual cost of maintaining a home does not establish the replacement value of the home on the day it was destroyed. Therefore, we conclude that the amount of restitution awarded for Mister was also unsupported by evidence and must be reversed. We note that the district court relied on restitution orders in cases involving sexual exploitation of a child in determining that the evidence was sufficient, but the statutory basis for such an award is not the same as an award for lost property. Compare 18 U.S.C. § 2259, with 18 U.S.C. § 3663A.

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no other non-frivolous issues for appeal outside the scope of the waiver. Accordingly, we enforce the appeal waiver as to the criminal history challenge, and we vacate the restitution award.

COLLOTON, Circuit Judge, concurring in part and dissenting in part.

When appellant Bagley carjacked his victim's vehicle, Bagley ended up killing the victim's dog. The victim informed the court, via the probation office, that his losses included "a 4 year old Terrier that I raised from a puppy," and claimed a loss amount of $14,999. The district court thought $15,000 was "a pretty wild overestimate" for the loss of the dog, but was "reluctant just to ignore it as speculative," and decided to award $1,000. Citing decisions concerning restitution for victims of sexual abuse, in which this court has approved the use of estimates, reliance on "basic knowledge of medical expenses," *United States v. Emmert*, 825 F.3d 906, 911 (8th Cir. 2016), and a "certain degree of conjecture," *United States v. Hoskins*, 876 F.3d 942, 946 (8th Cir. 2017), the court thought it appropriate to make a "conservative" estimate of the victim's losses.

I would affirm this modest award for the death of the victim's dog. I agree with the court that an award is authorized under 18 U.S.C. § 3663A(b) for the value of the property lost by the victim. Although the government surely could have made a better record on the cost of acquiring and raising a dog, *see, e.g.*, American Society for the Prevention of Cruelty to Animals, *Pet Care Costs*, https://www.aspca.org/sites/default/files/pet_care_costs.pdf (last visited Oct. 25, 2018) (estimating $1,471 as "First year total" cost and $737 as "Annual Total" cost of caring for a small dog), the court did receive the victim's assertion about the amount of loss, *see* PSR ¶ 16, and no contrary evidence from Bagley.

A victim's testimony alone, if credible, presumably would be sufficient to sustain an award in the amount claimed, for a victim who raised a dog is in a position to know the cost of replacing his lost property. While it is possible to build a new house to replace a four-year-old house without incurring the costs associated with four years of home maintenance, there is no way to bypass four years of growth for a living animal, so the district court did not clearly err by considering the costs of raising (and acquiring) a puppy. The district court did not credit the victim's assertion in its entirety, but understandably was reluctant to value the replacement cost of a four-year-old dog artificially at zero, and arrived at what it considered a conservative estimate of $1,000. In light of the latitude that we have allowed district courts in making restitution estimates, and the substantial discount applied to the victim's own estimate, I would uphold the award. I see nothing in the text of § 3663A that would forbid the use of estimates that are permitted in sexual exploitation cases under 18 U.S.C. § 2259.

I concur, as the government concedes, that the award for chiropractic care must be vacated. I therefore concur in part and dissent in part.

_____