# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1760

_____

Derrick Taylor

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 14, 2019
Filed: June 7, 2019

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Derrick Taylor pleaded guilty to being a felon in possession of a firearm in September 2015. In his plea agreement and at sentencing, consistent with Eighth Circuit precedent, Taylor conceded that he had three or more prior convictions for a "violent felony" as defined in the Armed Career Criminal Act ("ACCA"), making him subject to the ACCA's mandatory minimum fifteen-year sentence. See 18 U.S.C. § 924(e)(1). Taylor reserved the right to challenge his ACCA status in post-

conviction proceedings if the law changed. The district court[1] sentenced him to the minimum 180 months in prison. Several months later, Taylor filed this 28 U.S.C. § 2255 motion to vacate his sentence, arguing that his prior Minnesota convictions for simple robbery, first-degree assault, and second-degree assault no longer qualified as "violent felonies" after the Supreme Court's June 2015 decision in Samuel Johnson v. United States, 135 S. Ct. 2551 (2015). Taylor appeals the district court's denial of § 2255 relief. We affirm.

The only issue on appeal is whether Taylor's prior Minnesota conviction for "simple robbery" is a violent felony under the ACCA's "force clause."[2] The Minnesota statute provides that a person commits simple robbery if he -

> takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property . . . .

Minn. Stat. § 609.24. With this appeal pending, we held that Minnesota simple robbery is a "violent felony" conviction under the ACCA's force clause, resolving a conflict between District of Minnesota decisions. United States v. Pettis, 888 F.3d 962 (8th Cir. 2018), cert. denied, 139 S. Ct. 1258 (2019). Before the appeal was submitted to our panel, the Supreme Court issued its decision in Stokeling v. United States, 139 S. Ct. 544 (2019), holding that a Florida robbery conviction is a "violent felony" under the ACCA. The parties then submitted helpful supplemental

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

[2] The force or elements clause provides: "(B) the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

memoranda addressing whether the Supreme Court's analysis in Stokeling affects our decision in Pettis, which is otherwise controlling precedent.

In Curtis Johnson v. United States, the Supreme Court held that, "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force -- that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010) (emphasis in original). In Pettis, using the categorical approach to determine whether a conviction qualifies as a violent felony under the force clause, we reviewed prior Minnesota decisions and concluded that "state caselaw supports a finding that Minnesota simple robbery requires violent force and qualifies as a predicate offense under the ACCA." 888 F.3d at 966; accord United States v. Libby, 880 F.3d 1011, 1015-16 (8th Cir. 2018). In both cases, we rejected the argument that State v. Nelson, 297 N.W.2d 285 (Minn. 1980), demonstrated that simple robbery in Minnesota did not require use of "physical force" because the defendants in Nelson at least *threatened* the use of violent force before the victim slipped out of his coat and ran away. Id. at 286.

In Stokeling, the Supreme Court considered a Florida statute that defined robbery as the taking of property from another person "when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1) (1995). The Florida Supreme Court interpreted the statute to require "resistance by the victim that is overcome by the physical force of the offender." Robinson v. State, 692 So. 2d 883, 886 (Fla. 1997). By contrast, "[t]he snatching or grabbing of property without such resistance by the victim" is theft, not robbery. Id. at 887. The Supreme Court in Stokeling held that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by [Curtis] Johnson" because "robbery that must overcome a victim's will . . . necessarily involves a physical confrontation and struggle," even if the altercation does not cause pain or injury and is not prolonged. 139 S. Ct. at 553. "Robbery

-3-

under Florida law corresponds to that level of force," the Court concluded, "and therefore qualifies as a 'violent felony' under ACCA's [force] clause." Id. at 555.

As relevant here, Minnesota's simple robbery statute is virtually indistinguishable from the Florida statute at issue in Stokeling. In both States, a mere "snatching" of property, without more, is not the level of force required. Instead, to constitute robbery, the defendant must use, attempt to use, or threaten to use enough physical force to "overcome" a victim's "resistance." Compare Robinson, 692 So. 2d at 886-87, with State v. Oksanen, 249 N.W.2d 464, 466 (Minn. 1977).

Taylor argues that Minnesota simple robbery is not a "violent felony" after Stokeling because § 609.24, unlike the common law of robbery, includes the use of force "in . . . carrying away" property that was *taken* without force. See State v. Burrell, 506 N.W.2d 34, 36 (Minn. App. 1993). But the force clause defines "violent felony" as including "any crime" that has the requisite use of force "as an element." Thus, it is irrelevant whether the state law "robbery" crime at issue is broader than common law robbery. The question is whether, categorically, the crime involves "the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). Notably, the Florida robbery statute at issue in Stokeling prohibited use of force "in the course of the taking," which the statute defined to include acts committed after the taking if those acts "and the act of taking constitute a continuous series of acts or events." Fla. Stat. § 812.13(1), (3)(b); see Thomas v. State, 36 So. 3d 853, 854, 856 & n.3 (Fla. Dist. Ct. App. 2010).[3]

---

[3]Like Florida, Minnesota is one of many States that have adopted a "continuing offense theory" that expands the traditional common-law definition of robbery to include a thief who uses force to carry away or retain another's personal property. See State v. Moore, 649 S.E.2d 84, 89-91 (S.C. App. 2007) (collecting cases); Wayne R. LaFave, Substantive Criminal Law § 20.3(e) (3d ed. 2018).

In Burrell, the defendant used violent force against a store owner who was trying to retrieve merchandise the defendant had just stolen. 506 N.W. 2d at 36-37. Thus, like the other state court decisions reviewed in Libby and Pettis, Burrell "supports a finding that [the crime of] Minnesota simple robbery requires violent force." Like the defendants in Libby and Pettis, Taylor cites no contrary state court decision. Therefore, after careful consideration, we conclude that the Supreme Court's decision in Stokeling reinforced -- and certainly did not cast doubt on -- our decision in Pettis that a prior Minnesota conviction for the crime of simple robbery is a "violent felony" under the ACCA's force clause. 888 F.3d at 964-66.

The judgment of the district court denying Taylor's motion to vacate his sentence under 28 U.S.C. § 2255 is affirmed.

_____