# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3048

_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Franklin Pittman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 14, 2019
Filed: July 31, 2019
[Unpublished]

_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Rodney Pittman pleaded guilty to three controlled substance offenses: one count of conspiracy to distribute a mixture and substance containing a detectable amount of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and two counts of distribution of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(C). At sentencing, and over Pittman's objection, the district court[1] found that Pittman's two prior felony convictions for Minnesota simple robbery under Minn. Stat. § 609.24 qualified as crimes of violence under United States Sentencing Guidelines § 4B1.2(a)(1) (2016) and applied the career offender enhancement pursuant to § 4B1.1. The district court varied below the resultant recommended Guidelines range of 151 to 188 months of imprisonment and sentenced Pittman to 90 months. Pittman now appeals the district court's career offender designation, which we review de novo. See United States v. Williams, 926 F.3d 966, 969 (8th Cir. 2019).

Pittman argues that after Stokeling v. United States, 139 S. Ct. 544 (2019), his convictions for Minnesota simple robbery do not qualify as crimes of violence under the "force clause" of the Guidelines. See USSG § 4B1.2(a)(1) (defining a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another"). That is so, according to Pittman, because the Minnesota simple robbery statute does not require force to be used in the "taking" of property. In our recent decision in Taylor v. United States, 926 F.3d 939 (8th Cir. 2019), however, we rejected that very argument. Id. at 941–42 (construing the identically-worded force clause of the Armed Career Criminal Act). Several other subsequent decisions by our court reaffirmed that, even after Stokeling, a conviction for Minnesota simple robbery categorically qualifies as a crime of violence under the force clause of the Guidelines. See, e.g., Williams, 926 F.3d at 969; United States v. Robinson, 925 F.3d 997, 999 (8th Cir. 2019). The district court thus properly applied the career offender enhancement, and we affirm Pittman's sentence.

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.