# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3545
_____

United States of America

*Plaintiff - Appellee*

v.

Taariq Kaaleeq Jackson-Bey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 10, 2020
Filed: July 7, 2020

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Taariq Jackson-Bey pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At his change of plea hearing, he affirmed that he waived all rights to appeal the conviction and the sentence imposed but retained the right to pursue "any applicable remedy to modify his sentence" in the event of a retroactively applicable change in the Armed Career Criminal Act ("ACCA"). At

sentencing, the district court[1] adopted the presentence investigation report recommendation that Jackson-Bey has three prior Minnesota robbery convictions that qualify as "violent felonies" under the ACCA and imposed the mandatory minimum fifteen-year prison sentence. See 18 U.S.C. § 924(e)(1). Jackson-Bey appeals, contending that the Supreme Court's decision in Stokeling v. United States, 139 S. Ct. 544 (2019) -- issued two months after his sentencing -- rendered his 2011 Minnesota conviction for "simple robbery" incapable of qualifying as a violent felony under the ACCA. Because Jackson-Bey's argument is foreclosed by Eighth Circuit decisions issued while his appeal was pending, we affirm.

> A person commits the Minnesota offense of simple robbery if he:
>
> takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of property.

Minn. Stat. § 609.24. Prior to Stokeling, applying the categorical approach, we determined that this statute qualifies as a violent felony under the ACCA's force clause[2] because "state caselaw supports a finding that Minnesota simple robbery requires violent force and qualifies as a predicate offense under the ACCA." United States v. Pettis, 888 F.3d 962, 966 (8th Cir. 2018), cert. denied, 139 S. Ct. 1258 (2019); accord United States v. Libby, 880 F.3d 1011, 1015-16 (8th Cir. 2018).

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

[2]The force or elements clause states: "(B) the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Stokeling considered whether a Florida robbery statute that included as an element "the use of force sufficient to overcome a victim's resistance" qualified as a violent felony under the force clause. 139 S. Ct. at 548. The Supreme Court determined that the force clause adopted the meaning of "force" used in common law robbery. 139 S. Ct. at 551-52. Consistent with its prior decision in Curtis Johnson v. United States, 559 U.S. 133, 140, 142 (2010), the Court held that, to qualify as a violent felony under the ACCA force clause, a state offense must have as an element "*violent* force -- that is, force capable of causing physical pain or injury to another person," not mere "unwanted . . . physical contact." Stokeling, 139 S. Ct. at 552-53 (quotation omitted). Surveying prior Supreme Court of Florida cases and applying the categorical approach, the Court determined that the Florida statute requires the same violent force as common law robbery and is therefore a valid ACCA-predicate offense because the "[m]ere snatching of property from another" cannot sustain a conviction. Id. at 555 (quotation omitted).

Jackson-Bey argues the reasoning in Stokeling applied to the Minnesota simple robbery statute overturns our conclusion in Pettis and Libby. Minnesota's simple robbery offense is too broad to qualify as a "violent felony" under ACCA, he argues, because it allows a conviction to be based on the use of only slight force or no force that is insufficient to prove common law robbery. He relies on the property-snatching robbery offense described in State v. Burrell, 506 N.W.2d 34 (Minn. App. 1993), and on the Minnesota Supreme Court's statement in Duluth St. Ry. Co. v. Fidelity & Deposit Co. of Md., 161 N.W. 595, 596 (Minn. 1917), that "the degree of force used" in effecting a robbery "is immaterial."

This argument is foreclosed by recent Eighth Circuit decisions that rejected Jackson-Bey's specific contentions. In Taylor v. United States, we explained that "Stokeling reinforced -- and certainly did not cast doubt on -- our decision in Pettis that a prior Minnesota conviction for the crime of simple robbery is a 'violent felony' under the ACCA's force clause." 926 F.3d 939, 942 (8th Cir. 2019). We clarified

-3-

that the relevant question is "whether, categorically, the crime involves the use, attempted use, or threatened use of physical force," not "whether the state law 'robbery' crime at issue is broader than common law robbery." 926 F.3d at 941 (quotation omitted). Thus, we concluded, the offense described in "Burrell supports a finding that the crime of Minnesota simple robbery requires violent force." Id. at 942 (cleaned up). We also explained in Libby that Duluth Street Railway "is entirely inapposite as it interpreted the language of an insurance policy, not that of the law in question here." 880 F.3d at 1016 n.4. We reaffirmed our decision in Taylor in United States v. Robinson, 925 F.3d 997, 999 (8th Cir. 2019). Our panel is bound by these decisions, so Jackson-Bey's argument to the contrary must fail. See United States v. Manning, 786 F.3d 684, 686 (8th Cir.), cert. denied, 136 S. Ct. 278 (2015).

While this appeal was pending, Jackson-Bey moved for leave to file a pro se supplemental brief arguing that his conviction must be vacated because his indictment violated his due process rights. We deny the motion because this challenge to his conviction falls within the scope of the appeal waiver in his knowing and voluntary plea agreement, and no miscarriage of justice would result from enforcing the waiver. See United States v. Bagley, 907 F.3d 1096, 1098 (8th Cir. 2018).

For these reasons, the judgment of the district court is affirmed.

_____