**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4110**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CLINTON CORNELIUS POWELL, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00391-D-2)

———————

Submitted:  December 19, 2023                    Decided:  December 21, 2023

———————

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

———————

Dismissed in part, affirmed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinton Cornelius Powell, Jr., pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Powell to an aggregate term of 156 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asking us to review three issues: (1) the validity of the appeal waiver; (2) assuming the waiver's validity, whether there are viable issues that fall outside the scope of the waiver, including as related to the sufficiency of both the indictment and the factual basis for the plea; and (3) the reasonableness of Powell's sentence, including the computation of his Sentencing Guidelines range. Although advised of his right to file a pro se supplemental brief, Powell has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Powell's plea agreement. We dismiss in part and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id*. To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). As a general rule, "if a district court questions a defendant regarding the waiver

2

of appellate rights during the [Fed R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id*. (internal quotation marks omitted).

Our review of the record confirms that Powell knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions that are not applicable here.  We therefore conclude that the waiver is valid and enforceable.  We further conclude that Powell's challenges to the imposed sentence fall within the scope of the waiver, as does his nonjurisdictional argument related to the alleged insufficiency of the indictment. *See accord United States v. Jackson-Bey*, 964 F.3d 730, 732 (8th Cir. 2020) (ruling that constitutional challenge to indictment fell within scope of appeal waiver).  And while the valid appellate waiver does not preclude us from reviewing the sufficiency of the proffered factual basis for the guilty plea, *see McCoy*, 895 F.3d at 364, the record reveals no insufficiency in the prosecutor's recitation of the facts relevant to the two counts of conviction.  Finally, in accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal beyond the scope of Powell's valid appellate waiver.

Accordingly, we grant the Government's motion in part and dismiss the appeal as to any issues within the scope of the waiver.  We otherwise affirm the criminal judgment. This court requires that counsel inform Powell, in writing, of the right to petition the Supreme Court of the United States for further review.  If Powell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state

3

that a copy thereof was served on Powell.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*